CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 08 2012

JULIA C. DUDLEY, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRYL EVAN WHIDBY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:12-cv-00353 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| AYLOR, | ) | By: Samuel G. Wilson |
|     Respondent. | ) | United States District Judge |

Petitioner Darryl Evan Whidby, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Madison County Circuit Court. The court finds that Whidby has not properly exhausted his state court remedies before filing this federal habeas petition and, therefore, the court dismisses his petition without prejudice.

## I.

On June 13, 2012, the Madison County Circuit Court convicted Whidby of his second offense of driving after being declared a habitual offender and sentenced him to 5 years incarceration with 3 years and 10 months suspended. Whidby states that he did not appeal and did not file petition for writ of certiorari to the Supreme Court of the United States. Whidby also indicates, and state court online records confirm, that he has not filed a petition for writ of habeas corpus in any Virginia court.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row

felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court may consider his claims. See Va. Code § 8.01-654. In this case, it is clear that Whidby has yet to pursue his habeas claims in the Supreme Court of Virginia. Accordingly, the court finds that Whidby's petition is unexhausted.

### III.

Based on the foregoing, the court dismisses Whidby's habeas petition without prejudice as unexhausted.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER:** This 8th day of August, 2012.

United States District Judge